SUMMERS, Chief Justice
(dissenting).
Clara R. Rideau was charged with nineteen counts of issuing worthless checks amounting to $914.21, a violation of Article 71 of the Criminal Code. At arraignment she stated that she had employed counsel but waived counsel’s presence at that time. When the case was fixed for trial on September 6, 1977 defendant failed to appear. On motion of the prosecutor her bond was forfeited and a warrant was issued for her arrest. Later the bond forfeiture was recalled and set aside.
On February 9, 1978, while represented by counsel, she pled guilty to one count involving a check worth $141.75 and was sentenced to one year in the parish jail. For issuing each of the remaining worthless checks, all involving less than $100, she received sentences to run concurrently with the one-year sentence. The terms of imprisonment were suspended, and defendant was placed on two years’ probation, with restitution as scheduled a special condition.
In a March 1, 1979 letter to the district court, defendant’s probation officer alleged violations óf four of the ten statutory conditions of probation, and failure to make restitution payments on schedule. The letter set forth that defendant had failed to report to the probation officer on at least four separate occasions; refused to permit visits to her home; failed to make the majority of the restitution payments; and that monthly reports for the last ten months of 1978 were either late or not completed at all. The probation agent’s description of the violations is replete with narrations of efforts made by her to help defendant comply with the conditions of probation. The report also makes clear defendant’s disregard for the orders of the sentencing court.
Defendant was called before the court to answer to the charge of probation violations on March 12, 1979. When asked by the judge if she had violated the conditions of her probation, she replied, “in a way I violated it and in a way I didn’t.” Asked if she needed witnesses to testify she said she thought she could explain her position to the judge. She then accepted the trial judge’s offer to fix a hearing at a later date and a hearing was then fixed for March 28, 1979.
At the March 28, 1979, hearing another judge presided, and defendant was not represented by counsel. The judge read each of the charges and asked defendant if the facts were correctly stated. To each question she replied in the affirmative. When asked if there was any reason why her probation should not be revoked she explained that she had saved money to complete the restitution but her son had gotten into trouble in Houston. She also said that she could explain some of the reason for the late reporting, but the judge did not want to hear her. It was his opinion that she should have made those explanations to the probation agent. Thereupon the trial judge revoked defendant’s probation and ordered her to serve the deferred sentence. Later that same day the sentencing judge stayed execution of the sentence until defendant could arrange for the care of her children.
Certiorari was granted by this Court to consider the defense contention that defendant’s probation could not be revoked unless she was advised of her right to counsel at the hearing and granted the opportunity to explain the violations.
At her arraignment defendant advised that she had retained counsel and he was present later on the day set for trial. The inference is that he was then her retained counsel. Upon her counsel’s advice she pled guilty-. He witnessed her signature to the Waiver of Constitutional Rights and Plea of Guilty form on that occasion. She was then *1255 fully advised of her right “To be represented at all times in the proceedings, including appeal, by counsel of . [her] choice or by a court-appointed attorney at no cost if she lacked funds to employ one.”
As pointed out heretofore, although she was represented by counsel at her guilty plea, she was not represented at either of the two appearances connected with the probation revocation hearing. Nor was she advised again of her right to counsel. She is, however, represented by retained counsel at this time.
While the defense recognizes the lack of any statutory right to counsel at probation and parole revocation hearings, she argues the right to counsel based on the Sixth Amendment to the United States Constitution, and Section 13 of Article I of the Louisiana Constitution. The courts have declined to adopt such an absolute rule based on the right to counsel provisions, in general holding that an absolute right to counsel applies only to the criminal proceedings or prosecution itself. Probation or parole revocation hearings are different, the courts hold, in that they are designed to be steps in rehabilitation rather than punishment.
Here the defendant was fully aware of her rights and made no request for counsel. I see no substantial reason for requiring counsel in' this case where defendant frankly admitted all four violations, explaining the gravest violation, failure to make restitution. Apparently the explanation was not considered acceptable, either because not credible or because the trial judge found that it was not a proper justification for the violation under the circumstances. Defendant’s offer to explain her failure to report as required by the order granting probation was also considered irrelevant in light of the probation agent’s report of those and other violations.
It will serve little purpose to set aside the order revoking defendant’s probation and remand this case for another revocation hearing in which defendant would again make the same explanation for failing to comply with the order to make restitution. Whatever explanation she might make with regard to the other violations, it would not change the trial judge’s opinion, for he held further explanation irrelevant.
On this record, the detailed report of the probation agent, attached to this opinion as an appendix, amply supports the ruling of the trial judge. This is not a question of guilt or innocence. It is a question of defendant’s failing to cooperate in the trial court’s effort to rehabilitate her. Furthermore, this case is not a question of substituting the opinion of the majority for that of the trier of fact; it is a question whether the trial judge has abused his discretion.
I would uphold the ruling of the trial judge.
APPENDIX
March 1, 1979
Honorable District Judge
14th Judicial District Court
P. 0. Box 3209
Lake Charles, LA 70602
RE: RIDEAU, Clara J.
CSU# 2839-77
Dear Judge:
On February 9, 1978 the above-named individual appeared before His Honor Judge L. E. Hawsey, Jr. and entered a plea of guilty to a charge of worthless check in the amount of $141.75. She was sentenced to serve one year in the Calcasieu Parish Jail, however, this sentence was suspended and she was placed on two years probation with a special condition that she make restitution in this matter and in all other cases listed on the court minutes. On all these charges she entered a plea of guilty and was sentenced to serve thirty days in the Calcasieu Parish Jail on each charge, with sentences to run concurrently. These are suspended with the condition that she make restitution in one year.
Since being placed on probation supervision, Clara Rideau has violated the following conditions of her probation.
Condition No. 3 — Report to your Probation Officer as directed. Letters were written *1256 to Clara advising her to report to my office on 8/1/78 and again on 8/17/78. However, she failed to appear on either of these dates. She was instructed by telephone on 8/24/78 to report to my office on 9/5/78. She failed to do so. She was issued a travel permit on 9/18/78. On this permit she was instructed to report to me upon her return. Her travel permit expired on 9/25/78. She failed to report upon her return. I learned that she had come back to Lake Charles when I went by her home on 11/15/78. While she was in Houston for medical reasons, I wrote a letter to her mother at the address given on her travel permit instructing her to get in touch with me by November 2, 1978. She did not report until November 16, 1978 after my visit to her home the previous day. On January 3, 1979, I visited her at a neighbor’s home and told her she needed to come to the office and complete some reports. She did not report until January 25, 1979 after I had been to her home the previous date with the intention of arresting her.
Condition No. 4 — Permit the Probation Officer to visit you at home or elsewhere. In effect subject denied this officer permission to visit at her home due to the fact that she failed to report her return to Lake Charles after being issued a travel permit on 9/18/78.
Condition No. 7 — Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by your offense in an amount determined by court, if any, as follows: Subject has made partial restitution but failed to comply with the court order signed by Judge Hawsey on June 23, 1978.
Condition No. 10 — Make a full and truthful report at the end of each month to your Probation Officer. All reports for March, April, May, June, July, August, September, October, November and December of 1978 were either late or not completed at all. On January 25, 1979, she completed four monthly supervision reports but failed to put the months for which she was reporting. She has been so inconsistent in reporting that subject does not even know which months she. is reporting for. She has been counseled on several occasions regarding these conditions that she has been violating but thus far it seems to have little effect.
Special Condition No. 11 — That she make restitution within one year. Subject has failed to complete all her restitution payments remaining to be paid, which is $713.70.
Because of the above violations, we are recommending that she be returned to court on Monday, March 5, 1979 and that her probation be revoked.
Sincerely,
/s/ Bonnie Landry Probation & Parole Agent II
BL:am
cc: HQO
District Attorney — Leonard Knapp, Jr.
CGM
Subject